GORDON, PLAINTIFF AND APPELLANT, *v.* GODREAU, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Guayama in an Action for the Nullity of a Possessory Proceeding.

No. 1511.—Decided January 18, 1917.

POSSESSORY PROCEEDING—EVIDENCE—PASSION, PREJUDICE, OR PARTIALITY—MANIFEST ERROR.—The evidence introduced by the plaintiff in this case tends to show that she constructed the house in question with her own money, while the evidence of the defendant tends to prove that the house was built by his agent with money furnished by him for that purpose. *Held:* That the conflict in the evidence was decided against the plaintiff by the finding that the allegations of the complaint had not been properly established and the holding in the judgment that the invalidity of the possessory proceedings had not been proved, therefore the finding of the lower court should not be disturbed inasmuch as it has not been shown that it was influenced by passion, prejudice, or partiality, or that it acted in manifest error.

The facts are stated in the opinion.

*Mr. Antonio Rodríguez* for the appellant.

*Mr. José C. Ramos* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On November 8, 1915, Amparo Gordon filed a complaint in the District Court of Guayama against Guillermo Godreau Manatou, alleging that she was the owner of a house described therein situated on a lot belonging to Julio Godreau Manatou on Palmer Street in the town of Salinas, having built the same with her own money between January and April, 1913, and held possession as owner since that time; and that the defendant, knowing that the said property belonged to the plaintiff, had instituted proceedings in the said court, without the knowledge or consent of the latter, for the purpose of recording in his own name a possessory title to the said house, such record having been made in the Registry of Property of Guayama on November 28, 1913. The complaint concludes with a prayer that the possessory title proceeding prosecuted by Guillermo Godreau Manatou be declared null and void; that the record of the house in the name of the defendant be ordered canceled in the registry of property and substituted by a judgment in favor of the plaintiff, with costs, disbursements and attorney fees against the defendant.

The defendant answered, denying all and each of the facts alleged in the complaint, and having heard the evidence introduced by both parties at the trial, the court of Guayama, after finding that the house described in the complaint was built in the town of Salinas between January and April, 1913, concluded that the allegations of the complaint had not been sufficiently proved and entered judgment accordingly on February 7, 1916, "dismissing the complaint because the invalidity of the possessory title had not been proved, without prejudice to the rights of the plaintiff to bring such action as she might deem proper to recover the sum she had paid for the building of the house, without special imposition of costs."

From that judgment the plaintiff appealed to this court.

The fundamental ground of appeal is the alleged error of the court in *improperly weighing and applying the evidence introduced by the plaintiff.*

We have examined carefully the evidence introduced by both parties at the trial and find that the evidence introduced by the plaintiff-appellant tends to show that she built the house in controversy with her own money, while the evidence of the defendant tends to prove that the house was built by Julio Godreau Manatou as the representative of his brother, the defendant, with money furnished therefor by the latter. The conflict in the evidence was decided by the Guayama court against the plaintiff and in favor of the defendant by its finding that the allegations of the complaint had not been sufficiently proved and its pronouncement in the judgment that the invalidity of the possessory title had not been conclusively shown. We cannot disturb that finding, for there is no showing that the said court was influenced by passion, prejudice or partiality or that it acted in manifest error, which this court has held repeatedly is necessary in such circumstances.

The reservation contained in the judgment decides nothing in favor of the plaintiff in regard to the point to which it refers.

The judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.